IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Washtenaw Cnty. Emp.'s Ret. Sys., et al., | NO. CV 10-02604 JW<br>NO. CV 10-02935 JW<br>NO. CV 10-03029 JW |
| Alan R. Kahn, | **ORDER CONSOLIDATE CASES;<br>APPOINTING LEAD CLASS PLAINTIFF<br>AND LEAD CLASS COUNSEL** |
| Betty Greenberg,<br>    Plaintiffs,<br>  v.<br>Celera Corp., et al.,<br>    Defendants. | |

## I. INTRODUCTION

This is a putative securities fraud class action brought on behalf of investors who purchased or otherwise acquired the common stock of Celera Corporation ("Celera") between April 24, 2008 and July 22, 2009 (the "Class Period") against Celera and certain of Celera's officers and directors (collectively, "Defendants"). This action is brought under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and SEC Rule 10b-5.

Presently before the Court is Plaintiff Washtenaw County Retirement System's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel.[1]  Plaintiffs move the Court to

---

[1] (Washtenaw County Employees' Retirement System's Notice of Motion and Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel, hereafter, "Motion," CV 10-02604-JW, Docket Item No. 12.)

1  appoint the Washtenaw County Employees' Retirement System[2] as Lead Class Plaintiff and to
2  appoint Movant's selection of Lead Class Counsel, Robbins Geller Rudman & Dowd LLP.  (See
3  Motion at 1.)  The Court also considers *sua sponte* whether related actions CV 10-02935 and CV 10-
4  03029 should be consolidated.[3]  Defendants take no position with respect to the appointment of
5  Movant as lead plaintiff and to appointment of Movant's selection of counsel.[4]

6  The Court finds it appropriate to take the Motion under submission without oral argument.
7  See Civ. L.R. 7-1(b).  Based on the papers submitted to date, the Court GRANTS Movant's Motion
8  to Appoint Lead Plaintiff and GRANTS Movant's Motion to Appoint Lead Class Counsel.

## II.  BACKGROUND

10  On June 14, 2010, Movant filed this putative securities fraud class action against Celera for
11  violations of the federal securities laws concerning alleged misrepresentations made by Celera and
12  certain officers and directors between April 24, 2008 and July 22, 2009.  (See Complaint for
13  Violations of the Federal Securities Laws, hereafter, "Complaint," Docket Item No. 1.)
14  Movant now seeks to be appointed as Lead Plaintiff and have its selection of Lead Counsel
15  be approved.[5]  (Motion at 1-2.)

---

[2]  (hereafter, "Movant.")

[3]  The Court refers to the three actions collectively as the "Actions."

[4]  (Defendants' Reponse to Washtenaw County Employees' Retirement System's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel, CV 10-02604-JW, Docket Item No. 16.)

[5]  The parties in related cases CV 10-02935 and CV 10-03029 filed a Stipulation Consolidating Action and Related Manners in which they stipulated that lead plaintiffs for the consolidated action would be Alan R. Kahn and Betty Greenberg, and that lead counsel would be Robbins Umeda LLP and Gardy & Notis.  (CV 10-02935-JW, Docket Item No. 6.)  This Stipulation is not an application for lead plaintiff appointment under the Private Securities Litigation Reform Act ("PSLRA") and does not include the required PSLRA factors of published notice, largest financial interest, and accordance with Rule 23 of the Fed. R. Civ. P.  Accordingly, the Court does not consider this an application for lead plaintiff status, and therefore bases the following analysis on those applications that comport with PSLRA requirements.

2

### III.  STANDARDS

The Private Securities Litigation Reform Act (the "PSLRA") requires the court to appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(I).  The act creates a rebuttable presumption that the most adequate plaintiff is the person or group of persons that (i) either filed the complaint or made a motion in response to the published notice; (ii) in the determination of the court, has the largest financial interest in the relief sought; and (iii) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii).  Thus, under the PSLRA, the "most capable" plaintiff is "the one who has the greatest financial stake in the outcome of the case, so long has he meets the requirement of Rule 23."  In re Cavanaugh, 306 F.3d 726, 729 (9th Cir. 2002).

To determine who meets these criteria, the Ninth Circuit has articulated a three-step test.  First, a court must determine that the first plaintiff to file an action issued a notice publicizing the pendency of the action, the claims made and the putative class period "in a widely circulated national business-oriented publication or wire service."  In re Cavanaugh, 306 F.3d at 729 (citing 15 U.S.C. § 78u-4(a)(3)(A)).  Second, a court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit."  Id. at 730.  At the same time, the court must also determine whether the plaintiff with the most to gain satisfies the requirements of Rule 23(a).  Id.  The movant that has the largest stake and satisfies Rule 23(a) is the presumptive lead plaintiff.  Id.  Third, the court must consider the competing plaintiffs' attempts to rebut the presumptive plaintiff's showing that it satisfies the requirements of Rule 23(a).  Id.

### IV.  DISCUSSION

**A.     Consolidation of Actions**

At issue is whether the three related Actions should be consolidated.

A district court has broad discretion to consolidate actions involving "common issues of law or fact."  Fed. R. Civ. P. 42(a); Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal., 877

1  F.2d 777, 777 (9th Cir. 1989). In exercising its broad discretion to order consolidation, a district
2  court "weighs the saving of time and effort consolidation would produce against any inconvenience,
3  delay, or expense that it would cause." Huene v. U.S., 743 F.2d 703, 704 (9th Cir. 1984).

4  Here, upon review of the Complaints in the Actions, the Court finds that each case presents
5  similar factual and legal issues. Plaintiffs in each Action allege that certain officers and directors of
6  Defendant Celera breached their fiduciary duty to properly manage, made misleading public
7  statements that artificially inflated stock prices resulting in harm to shareholders. The Actions are
8  also at similarly early stages of litigation—Defendant has not yet responded to the Complaint in any
9  of the Actions. Further, as each Action is a putative class action, the issues concerning class
10 certification will be substantially duplicative. Given these similarities and the lack of any apparent
11 inconvenience, delay, or expense that would result from consolidating the cases, the Court finds that
12 consolidation of the Actions is appropriate.

13 Accordingly, the Court consolidates related cases CV 10-02935 and CV 10-03029 JW with
14 CV 10-02604 JW.

### B.  Appointing Lead Plaintiff

#### 1.  Notice

First, the Court must determine whether the notice requirement of 15 U.S.C. § 78u-4(a)(3)(A) has been satisfied. On June 14, 2010, Movant published a notice in *Business Wire*.[6] Accordingly, the Court finds that Movant has fulfilled the statutory notice requirement.

#### 2.  Presumptive Lead Plaintiff

Second, the Court must determine which of the movants has the largest stake in the litigation. Determining which movant has the largest stake depends on the method for calculating their respective financial interests.

---

[6] (See Declaration of Tricia L. McCormick in Support of Washtenaw County Employees' Retirement System's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel, Ex. B, hereafter, "McCormick Decl.," Docket Item No. 13.)

4

Under the "net shares" method, a court can estimate the potential recovery of a plaintiff by calculating the total number of shares purchased during the Class Period and subtracting the total number of shares sold during the Class Period. See In re Network Assoc., Inc., Sec. Litig., 76 F. Supp. 2d 1017, 1027 (N.D. Cal. 1999). The net shares method of calculating a plaintiff's financial interest is based on the likelihood that the "fraud premium" (*i.e.*, the amount that public misrepresentations falsely inflated the stock price) was uniform throughout the Class Period. See id. A court may also look to the "first-in, first-out" ("FIFO") method, which measures loss by treating the first share purchased as the first share sold. See Query v. Maxim Integrated Prod., Inc., 558 F. Supp. 2d 969, 974 (N.D. Cal. 2008). In determining which movant has the largest financial stake, a district court "may select accounting methods that are both rational and consistently applied." In re Cavanaugh, 306 F.3d at 730.

In this case, under the net shares calculation, Movant has the largest financial stake in the litigation because it purchased 740 Celera net shares during the Class Period.[7] Thus, the Court considers whether Movant meets the requirements of Rule 23(a).[8]

With respect to typicality, the Court looks to whether "other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992). Here, Movant provides certifications showing that it purchased Celera stock during the Class Period.[9] Thus, like the rest of the putative class, Movant purports to have suffered losses as a result of Defendants' alleged misrepresentations

---

[7] (Corrected Schedule A Securities Transactions, Ex. 1, hereafter, "Stock Inventory," Docket Item No. 17.)

[8] The court must look to the declarations provided by the movants and determine whether they satisfy Rule 23(a). At this stage, the focus is primarily on the typicality and adequacy of representation requirements and only a preliminary showing is necessary. See In re Cavanaugh, 306 F.3d at 730; In re Ditech Communs. Corp. Sec. Litig., 2005 U.S. Dist. LEXIS 40963, *3 (N.D. Cal. Dec. 19, 2005).

[9] (Stock Inventory at 1.)

5

and the subsequent drop in Celera's stock price after those misrepresentations were revealed to the public.

As to whether Movant will adequately represent the class, the Court considers two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998). Based on the submissions by Movant, it appears that there are no conflicts of interest and that Movant intends to vigorously pursue the alleged claims. (McCormick Decl., Ex. A.) The Court finds that Movant is presumptively the most adequate Lead Plaintiff.

Accordingly, the Court GRANTS Movant's Motion for Appointment as Lead Plaintiff.

**C.     Appointment of Class Counsel**

Under the PSLRA, a lead plaintiff, "subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Movant has selected the law firm of Robbins Geller Rudman & Dowd LLP to represent the class. Upon review of Robbins Geller Rudman & Dowd LLP's resume, the Court finds that, given the firm's experience with similar actions, Movant's choice of counsel is well-qualified to act as class counsel.

Accordingly, the Court appoints Robbins Geller Rudman & Dowd LLP as Lead Class Counsel.

**V.  CONCLUSION**

The Court GRANTS Movant's Motion for Appointment as Lead Plaintiff and GRANTS Movant's Motion to Appoint Lead Class Counsel as follows:

(1)   The Court consolidates the Actions—CV 10-02604, CV 10-02935, and CV 10-03029—into one action. The Clerk of Court shall consolidate these actions such that the earliest filed action, CV 10-02604, is the lead case. All future filings shall be in CV 10-02604 and bear the caption: "In re Celera Shareholders Derivative Litigation." Since the later actions are now consumed in the first filed action, the Clerk shall administratively close CV 10-02935 and CV 10-03029.

6

(2) The Court appoints Plaintiff Washtenaw County Employee's Retirement System as Lead Plaintiff and Robbins Geller Rudman & Dowd LLP as Lead Counsel.

(3) On or before **October 15, 2010**, Plaintiffs shall file an Amended Consolidated Complaint.

The parties shall appear for a Case Management Conference currently set for **November 15, 2010 at 10 a.m.** On or before **November 5, 2010**, the parties shall file a Joint Case Management Statement with their proposals as to how this case should proceed consistent with the PSLRA.

Dated: September 14, 2010

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Andrew Milton Farthing andrew.farthing@lw.com
Catherine J. Kowalewski katek@rgrdlaw.com
Darren Jay Robbins e_file_sd@rgrdlaw.com
David Conrad Walton davew@rgrdlaw.com
John C. Tang john.tang@lw.com
Judson Earle Lobdell jlobdell@mofo.com
Shawn A. Williams shawnw@rgrdlaw.com
Tricia Lynn McCormick triciam@rgrdlaw.com
Willow E. Radcliffe willowr@rgrdlaw.com
George Carlos Aguilar GAguilar@robbinsumeda.com
Judson Earle Lobdell jlobdell@mofo.com
Marc M. Umeda MUmeda@robbinsumeda.com
James S. Notis jnotis@gardylaw.com
Jennifer Sarnelli jsarnelli@gardylaw.com
Mark C. Gardy mgardy@gardylaw.com

**Dated: September 14, 2010**                          **Richard W. Wieking, Clerk**

                                                              **By:      /s/ JW Chambers**
                                                                   **Elizabeth Garcia**
                                                                   **Courtroom Deputy**

*United States District Court*
For the Northern District of California