IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re Celera Corp. Derivative Litigation | NO. C 10-02935 JW |
| | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO AMEND; DENYING ALL OTHER MOTIONS AS MOOT** |

## I. INTRODUCTION

This is a shareholders' derivative action brought on behalf of Nominal Defendant Celera Corporation ("Celera," "Nominal Defendant," or the "Company") against current and former officers and directors of the Company (collectively, "Individual Defendants"[1]). Plaintiffs allege that by making or authorizing false and misleading statements regarding Celera's allowance for losses, its bad debt expense, the amount of goodwill the Company carried, and the Company's earnings guidance, Defendants breached their fiduciary duties to Celera and obtained illegal profits through which they were unjustly enriched.

Presently before the Court are Plaintiffs' Motion for Leave to File an Amended Consolidated Shareholder Derivative Complaint,[2] Individual Defendants' Motion for Temporary Stay in Favor of

---

[1] Individual Defendants are Kathy Ordonez, Richard H. Ayers, Jean-Luc Belingard, William G. Green, Peter Barton Hutt, Gail K. Naughton, Wayne I. Roe, Bennett M. Shapiro, Ugo DeBlasi and Joel R. Jung.

[2] (hereafter, "Motion for Leave," Docket Item No. 39.)

Parallel Delaware State Court Proceeding,[3] and Plaintiffs' Motion to Expedite Discovery.[4] The Court finds it appropriate to take the Motions under submission without oral argument. See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court GRANTS in part and DENIES in part Plaintiffs' Motion for Leave and DENIES the remaining Motions as moot.

## II. BACKGROUND

On July 2, 2010, Plaintiff Alan R. Kahn filed a Complaint derivatively on behalf of Celera Corporation against Individual Defendants and Nominal Defendant. (See Docket Item No. 1.) On September 23, 2010, the Court consolidated this action with Greenberg v. Ordonez, Case No. 10-3029-JW. (See Docket Item No. 13). On October 15, 2010, Plaintiffs filed an Amended Consolidated Verified Shareholder Derivative Complaint for Breach of Fiduciary Duty, Waste of Corporate Assets, and Unjust Enrichment against Individual Defendants and Nominal Defendant. (hereafter, "Consolidated Complaint," Docket Item No. 16.)

On March 18, 2011, the Company announced that it would have to further restate multiple years of past financial statements.[5] The same day, Individual Defendants approved a Merger Agreement whereby Celera is to be sold to Quest Diagnostics, Inc. in a proposed short-form merger that is scheduled to be completed by the end of April, 2011. (Id.)

Presently before the Court are the parties' various Motions. The Court addresses Plaintiffs' Motion for Leave to File an Amended Complaint first since it may moot the other Motions.

## III. STANDARDS

Rule 15(a) provides that a party may amend his pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). However, when a party can no longer amend a pleading as a matter of right under Rule 15(a), the party must either petition the

---

[3] (hereafter, "Stay Motion," Docket Item No. 42.)

[4] (hereafter, "Discovery Motion," Docket Item No. 43.)

[5] (Memorandum of Law in Support of Plaintiffs' Motion for Leave to File an Amended Consolidated Shareholder Derivative Complaint at 2, hereafter, "Plaintiffs' Leave Memorandum," Docket Item No. 40.)

2

1 court for leave to amend or obtain consent from the adverse parties. Fed. R. Civ. P. 15(a); Keniston
2 v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983). Leave to amend under Fed. R. Civ. P. 15(a) "shall
3 be freely given when justice so requires." Keniston, 717 F.2d at 1300. "This policy is to be applied
4 with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir.
5 2003); Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001).

6 However, leave to amend need not be granted where the amendment: (1) prejudices the
7 opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile.
8 Amerisource Bergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006); Bowles v.
9 Reade, 198 F.3d 752, 757 (9th Cir. 1999). Prejudice to the defendant is the most important factor,
10 but amendment may be denied upon a sufficiently strong showing of the other factors. See
11 Eminence Capital, 316 F.3d at 1052; Keniston, 717 F.2d at 1300. The burden of showing prejudice
12 rests on the party opposing amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th
13 Cir. 1987).

### IV.  DISCUSSION

15 At issue is whether Plaintiffs may amend their pleading to assert claims challenging the
16 proposed merger.[6]

17 Pursuant to Rule 15(d), a district court may allow a party to "serve a supplemental pleading
18 setting forth transactions or occurrences or events which have happened since the date of the
19 pleading sought to be supplemented." Fed. R. Civ. P. 15(d). "While leave to permit supplemental
20 pleading is 'favored,' it cannot be used to introduce a 'separate, distinct and new cause of action."
21 Planned Parenthood of S. Ariz. v. Neely, 130 F.3d 400, 402 (9th Cir. 1997). When deciding whether
22 or not to permit leave, "[f]actors to be considered by the court include the promotion of a justiciable

---

[6] Defendants do not challenge the proposed amendments that relate to Plaintiffs' derivative claims. (Defendants' Opposition to Plaintiffs' Motion for Leave to File Amended Consolidated Shareholder Derivative Complaint at 1 n.2, Docket Item No. 47.) Accordingly, the Court GRANTS Plaintiffs' Motion for Leave to Amend insofar as Plaintiffs seek to supplement their derivative claims with additional factual allegations. (See e.g., Motion for Leave, Ex. A, Proposed Class Action and Consolidated Amended Verified Shareholder Derivative Complaint for Breach of Fiduciary Duty and Unjust Enrichment ¶¶ 1-16, 102, hereafter, "Proposed Complaint," Docket Item No. 39-2.)

3

disposition of the case, the delay or inconvenience the allowance of such a pleading will cause, and the prejudice to the rights of the parties to the action." Brown v. California, No. 89-0811, 1990 U.S. Dist. LEXIS 16054, at *13 (N.D. Cal. Nov. 14, 1990). When the facts alleged in the supplemental pleadings are based on facts which are completely unrelated to the facts at issue in the original complaint, allowing a plaintiff to add the additional claims would not serve the purpose of Rule 15(d), namely promoting as complete an adjudication of the dispute between the parties as possible. Id. at *14. Further, when a claim not only could have been the subject of a separate action, but it actually is the subject of a separate action, leave to amend is impermissible. In re Exxon Valdez, 318 Fed. Appx. 545, 547 (9th Cir. 2009); see also Ctr. For Food Safety v. Vilsack, No. 10-4038, 2011 U.S. Dist. LEXIS 21275, at *15 (N.D. Cal. Feb. 18, 2011).

      Here, Plaintiffs originally brought a derivative action on behalf of Nominal Defendant Celera alleging two causes of action for breach of fiduciary duty and unjust enrichment against all Defendants. (See Consolidated Complaint.) Plaintiffs now seek to add new claims on behalf of a class of Celera shareholders against Celera's Board, Quest Diagnostics, Inc., and Spark Acquisition Corp. (See Proposed Complaint ¶¶ 17-26, 138-71, 182-95, hereafter, "Class Action Claims.") The only connection between the claims in Plaintiffs' Consolidated Complaint and the new Class Action Claims is the allegation that the proposed merger was entered into for the purposes of eliminating personal liability for Plaintiffs' derivative claims. (See id. ¶ 24.)

      As an initial matter, the Court finds that Rule 15(d) applies as Plaintiffs seek to supplement the Consolidated Complaint with claims relating to "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." However, the Court finds that Plaintiffs are attempting to add separate, distinct and new claims to a case that originally only made derivative claims on behalf of Nominal Defendant Celera. Despite the tangential relationship that Plaintiffs allege regarding the attempt to escape derivative liability through the proposed merger, the Court finds that the Class Action Claims in the Proposed Complaint are unrelated to the facts as alleged in the original Consolidated Complaint. Finally, the Court finds that Plaintiffs' Class Action Claims are the subject of litigation in several other venues, most notably in a case now

4

pending in the Delaware Chancery Court, which has been placed on an expedited schedule to allow the court to hear the plaintiff's motion to enjoin the proposed merger before the closing date.[7] Thus, the Court finds that leave to amend to add the Class Action Claims is impermissible, as the claims are separate and distinct from Plaintiffs' original derivative claims and are actually the subject of a separate action. See In re Exxon Valdez, 318 Fed. Appx. at 547.

Accordingly, the Court DENIES Plaintiffs' Motion for Leave to Amend to add the Class Action Claims.[8]

## V.  CONCLUSION

The Court orders as follows:

(1) The Court GRANTS Plaintiffs' Motion for Leave to Amend to add allegations to their derivative claims regarding Celera's March 2011 financial statement;

(2) The Court DENIES Plaintiffs' Motion for Leave to Amend to add the Class Action Claims;

(3) The Court DENIES all other Motions as moot.

---

[7] (See Declaration of Daniel J. Vecchio in Support of Defendants' Oppositions to Plaintiffs' Motions to Amend and for Expedited Discovery, Exs. A, B, New Orleans Employees' Retirement System v. Ayers, et al., Delaware Chancery Court, Case No. 6304, Verified Class Action Complaint and Stipulation and Order Regarding Case Schedule, Docket Item No. 49.)

[8] Since the remaining Motions were dependent on the Court granting Plaintiffs' Motion for Leave to Amend to add the Class Action Claims and the Court has denied Plaintiffs' Motion as it relates to those claims, the Court DENIES the remaining Motions as moot.

5

On or before **April 22, 2011**, Plaintiffs shall file an Amended Consolidated Verified Shareholder Derivative Complaint consistent with the terms of this Order as a separate docket entry. The parties shall appear for a Case Management Conference on **June 27, 2011 at 10 a.m.** On or before **June 17, 2011**, the parties shall file a Joint Case Management Statement updating the Court as to the status of the Delaware action and providing the Court with a good faith proposed schedule as to how this case should proceed.

Dated: April 14, 2011

JAMES WARE
United States District Chief Judge

**United States District Court**
For the Northern District of California

1 **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2 George Carlos Aguilar Gaguilar@robbinsumeda.com
James S. Notis jnotis@gardylaw.com
3 Jennifer Sarnelli jsarnelli@gardylaw.com
Jordan Eth jeth@mofo.com
4 Judson Earle Lobdell jlobdell@mofo.com
Marc M. Umeda Mumeda@robbinsumeda.com
5 Mark C. Gardy mgardy@gardylaw.com

6

7 **Dated: April 14, 2011**                              **Richard W. Wieking, Clerk**

8                                                         **By:    /s/ JW Chambers**
                                                                **Elizabeth Garcia**
9                                                               **Courtroom Deputy**