IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE CELERA CORP. DERIVATIVE LITIGATION

_____/

NO. 5:10-cv-02935 EJD

**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL RECORD**

## I. INTRODUCTION

Presently before the Court are two matters: Plaintiffs' Motion for Leave to File a Motion for Reconsideration of the Court's Order filed April 14, 2011 (Docket Item Nos. 58, 64) and Plaintiffs' Motion for Leave to File Notice of Supplemental Record (Docket Item No. 68). Through the first motion, Plaintiffs request reconsideration of the Order Granting in Part and Denying in Part their prior Motion for Leave to Amend the Consolidated Shareholder Derivative Complaint (Docket Item No. 56, hereafter the "Order") on the grounds that (1) the class action claims Plaintiffs sought to introduce were "separate, distinct and new claims" and (2) the class action claims were the subject of litigation in other venues. See Order at 4:19-5:5. In the second motion, Plaintiffs seek to supplement their reconsideration request with subsequently obtained information. Defendants

oppose both requests in written opposition (Docket Item Nos. 59, 65, 69). Due to the relation between the two motions, they are considered together for the purposes of this order. For the reasons explained below, the motions will be denied.[1]

## II. DISCUSSION

Civil Local Rule 7-9(a) provides the mechanism by which a party may obtain reconsideration of a prior order:

> Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in the case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9(b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.

Within the motion described in Rule 7-9(a), the moving party must make a specific showing supporting one of the following bases:

> (1) At the time of the filing the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order. Civ. L.R. 7-9(b).

A motion for leave to file a motion for reconsideration may not repeat any oral or written argument previously made with respect to the interlocutory order that the party now seeks to have reconsidered. Civ. L.R. 7-9(c). "A party who violates this restriction shall be subject to appropriate sanctions." Id.

---

[1] Although this Court did not issue the April 14th Order, it may nonetheless determine the instant motions. See Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993).

Case No. 5:10-cv-02935 EJD
ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION;
DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL RECORD (EJDLC1)

In the Order, the Court provided two reasons for denying Plaintiffs' request to assert additional class action claims. The Court first determined the additional claims proposed by Plaintiffs relied on facts distinct from those underlying the original derivative claims. See Order at 4:11-26. Indeed, Plaintiffs' initial claims alleged only breach of fiduciary duty and unjust enrichment against the Defendants. Id. In contrast, the proposed class claims challenged a subsequently contemplated merger between Nominal Defendant Celera and Quest Diagnostics, Inc. Id. Accordingly, the Court found the relationship between the original claims and the proposed class claims was "tangential" and "unrelated to the facts as alleged in the Original Consolidated Complaint." Id. As a second ground, the Court found the proposed class claims were the subject of separate litigation, particularly that before the Delaware Chancery Court. Id. at 4:26-5:5. That litigation was proceeding on an expedited schedule. Id.

Here, Plaintiffs believe reconsideration is warranted because the Delaware action settled only days after the Court issued the Order. They argue this development represents a "new material fact" as referenced by Local Rule 7-9(b). Having reviewed this matter, however, the Court disagrees. First, and most importantly, Plaintiffs overlook the totality of the Order. As stated above, the Court precluded Plaintiffs from introducing the class action claims on two *alternate* grounds, both of which provided a sufficient basis to deny Plaintiff's request to amend in their own right. Resolution of the Delaware action does not nullify the Court's primary determination that the class action claims are unrelated to the original claims. That finding still remains true. As such, the Delaware settlement is not "material" for the purposes of reconsideration.

Additionally, neither settlement of the Delaware action nor the terms of such settlement are "new" facts. In the Order, the Court recognized the Delaware action would soon come to an end. Indeed, the Court referenced the expedited litigation schedule imposed by the Delaware Chancery Court and knew it would likely cause the Delaware action to resolve before this case. Moreover, in noting the existence of this other litigation, the Court must have considered the possibility of a

3
Case No. 5:10-cv-02935 EJD
ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION;
DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL RECORD (EJDLC1)

resolution either unfavorable or objectionable to Plaintiffs. Thus, while the Court did not explicitly account for exactly when or exactly how the Delaware action would conclude in the Order, these items are nonetheless implicit in the Court's reasoning. They do not require reconsideration.

Plaintiffs' other arguments are equally unavailing. In denying the instant request, the Court is not preventing Celera shareholders from litigating their class claims. The shareholders had an opportunity to do so before the Delaware Chancery Court, and as Defendants correctly indicate, Plaintiffs may still object to the terms of the Delaware settlement. Moreover, Plaintiffs' attempt to equate settlement of claims with an "abandonment" of claims mischaracterizes the litigation process. Under Plaintiffs' reasoning, settlement of any litigation would result in an abandonment of the case. Such reasoning cannot be accepted.

In sum, the Court finds Plaintiffs have not demonstrated that the Delaware settlement represents a new material fact. For this reason, there is no basis for reconsideration.

### III.   ORDER

Plaintiff's Motion for Leave to File a Motion for Reconsideration of the Order filed April 14, 2011, is DENIED. Plaintiff's Motion for Leave to File Notice of Supplemental Record is also DENIED.

Dated: May 25, 2011

EDWARD J. DAVILA
United States District Judge

Case No. 5:10-cv-02935 EJD
ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL RECORD (EJDLC1)

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

George Carlos Aguilar Gaguilar@robbinsumeda.com
Jordan Eth jeth@mofo.com
Mark C. Gardy mgardy@gardylaw.com
Judson Earle Lobdell jlobdell@mofo.com
James S. Notis jnotis@gardylaw.com
Jennifer Sarnelli jsarnelli@gardylaw.com
Marc M. Umeda MUmeda@robbinsumeda.com

Dated: May 25, 2011                                Richard W. Wieking, Clerk

                                                                                By:      /s/ EJD Chambers
                                                                                     **Elizabeth Garcia**
                                                                                      **Courtroom Deputy**

Case No. 5:10-cv-02935 EJD
ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION;
DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL RECORD (EJDLC1)

United States District Court
For the Northern District of California